The Honorable Peggy Jeffries State Senator 5 Free Ferry Circle Fort Smith, AR 72903
Dear Senator Jeffries:
This is in response to your request for an opinion on twelve questions concerning meetings of the Board of Trustees of the Arkansas Teacher Retirement System ("Board"). Your questions are restated and answered below in the order posed.
 1. Since A.C.A. § 24-7-304(e) states that "all meetings of the Board shall be public," does the Board have the authority to meet in a location not reasonably accessible to the general public?
The answer to this question is, generally, "no." Reasonable access must be afforded, otherwise one might successfully contend that the public meeting requirement has not been met. See, e.g., Op. Att'y Gen. 92-162
(regarding county school board meetings under A.C.A. § 6-12-107 and the Arkansas Freedom of Information Act ("FOIA") open meeting requirement (A.C.A. § 25-19-106)). The necessary corollary to this conclusion, however, is that the public's right to attend a meeting is subject to reasonable restrictions. This maxim has been applied under the FOIA (see J. Watkins, The Arkansas Freedom of Information Act 258 (2nd ed. 1994)); and, in my opinion, it is equally applicable in the case of public meetings under A.C.A. § 24-7-304(e) (Supp. 1995). Professor Watkins, a recognized commentator on the FOIA, has stated in this regard:
 The right to attend a meeting is subject to reasonable restrictions, such as limited seating capacity or procedural regulations aimed at ensuring that an agency's business is conducted in an orderly manner. Although there are no Arkansas rulings with respect to the seating issue, courts in other jurisdictions have recognized that a governing body cannot be expected to provide seating for everyone who wishes to attend a meeting. [Footnote omitted.] By the same token, however, an agency could be in violation of the FOIA by intentionally holding a meeting in a location, other than its regular meeting site, where seating is limited and a large turnout is reasonably anticipated.
The Arkansas Freedom of Information Act, supra at 258.
The reasonableness of the access that is afforded must, of course, be assessed on a case-by-case basis. Professor Watkins has posed the question thus: "The question is whether an agency has provided reasonable access, under the circumstances, to those persons wishing to attend and has not systematically excluded or arbitrarily refused admittance to any individuals." Id., n. 140.
 2. Is a meeting of two or more members of the Arkansas Teacher Retirement System Board subject to the Arkansas Freedom of Information Act if the members discuss or take action on any matter on which foreseeable Board action will be taken?
The answer to this question will depend upon the particular circumstances surrounding the meeting. The FOIA applies to "all meetings, formal or informal, special or regular, of . . . all boards, bureaus, commissions, or organizations of the State of Arkansas. . . ." A.C.A. § 25-19-106(a) (Repl. 1992). It seems clear in this regard that the FOIA will apply to a group meeting of the Board, although attended by less than a quorum, called for the purpose of discussing or taking any action on particular matters foreseeably coming before the Board. See generally El DoradoMayor v. El Dorado Broadcasting Co., 260 Ark. 821, 544 S.W.2d 206
(1976). On the other hand, casual or "chance encounters" will ordinarily not fall within the act. The Freedom of Information Act, supra at 235.
With regard to the specific number of Board members in attendance, this office has previously opined that the number is not dispositive in determining whether a "meeting" has occurred for purposes of the FOIA.See Ops. Att'y Gen. 95-227 and 91-225.[1] Rather, the particular facts in each instance will, in my opinion, be determinative of whether the FOIA has been violated. The inquiry will likely focus on the extent to which the facts suggest the potential evasion of the act.
It should be noted in this regard that although I have previously opined that a meeting attended by two members could be violative of the act (see Ops. Att'y Gen. 95-227 and 91-225), both instances involved a group meeting where at least two members of the governing body were present, along with certain other individuals. As stated in Attorney General Opinion 96-067, when such a meeting is called in order to discuss or take action on any matter on which the whole governing body will foreseeably act, a violation may well occur if the meeting is not held in public.
 3. Since A.C.A. § 24-7-304(e) states that "all meetings of the board shall be public," does the Board have the authority to exclude all members of the public from its meetings at times when it is not in a legal executive session as per the "Arkansas Freedom of Information Act"?
It seems clear that the answer to this question is "no," if in fact "all members of the public" are being excluded. There would presumably be no reasonable access to the meetings in that instance.[2]
 4. Since A.C.A. § 24-7-304(e) states that "all meetings of the board shall be public," does the Board have the authority to exclude, at its discretion, specific members of the public from its meetings when it is not in a legal executive session as per the Arkansas Freedom of Information Act?
I believe the answer to this question will, as suggested above in response to your third question, turn on the reasonableness of the public's access to the meetings. The systematic or arbitrary exclusion of anyone will, in my opinion, likely be contrary to § 24-7-304(e). Seealso n. 2, supra.
 5. Does A.C.A. § 14-14-109(b) pertain to the Board of the Arkansas Teacher Retirement System when it states that a "board or other entity shall adopt rules for conducting the meeting which afford citizens a reasonable opportunity to participate prior to the final decision"? If not, is there an Arkansas statute that has the same intent as per A.C.A. § 14-14-109(b) when applied to the Arkansas Teacher Retirement System Board?
It is my opinion that the answer to the first part of this question is "no." Section 14-14-109 applies to "[a]ll meetings of a county government governing body, board, committee, or any other entity created by, or subordinate to, a county government. . . ." A.C.A. § 14-14-109(a)(1) (1987). The Board of Trustees of the Arkansas Teacher Retirement System does not fall within this provision. See A.C.A. § 24-7-301 (Supp. 1995).
In response to the second part of this question, my research has not disclosed a similar statute in this regard.
 6. Does the Board of the Arkansas Teacher Retirement System have the authority to disallow any or all discussion from the public during a meeting of the Board?
It is my opinion that the answer to this question is in all likelihood "yes." It has been stated with regard to the FOIA that "[t]he right to attend a meeting . . . does not carry with it the right to participate in it." The Arkansas Freedom of Information Act, supra at 257. The FOIA requires that all meetings of governing bodies subject to the act "shall be public meetings." A.C.A. § 25-19-106(a). I believe the same conclusion applies in the case of Teacher Retirement System Board meetings which, in accordance with A.C.A. § 24-7-304(e), "shall be public." Any member of the public has a right to attend the Board meetings, subject to reasonable restrictions as noted above. Neither of the above statutes, however, grants a right of participation.
 7. Does the Board of the Arkansas Teacher Retirement System have the authority to forbid discussion in a meeting of the Board by specific members of the general public and yet allow discussion by other specific members of the general public?
This question cannot be answered in the absence of additional facts regarding the Board's actions in this regard. I believe the inquiry would focus on the reasonableness of the different treatment.
 8. Does the Board of the Arkansas Teacher Retirement System have the authority to mandate that an individual obtain the names of "at least 25 retirement system members" before an item will be placed on the Board's agenda?
In my opinion, the answer to this question is, generally, "yes." The Board is specifically authorized under A.C.A. § 24-7-304(d) to "adopt its own rules of procedure. . . ." This authority would presumably encompass rules or regulations governing the content of a meeting agenda, particularly in light of the fact that a right of public participation is not guaranteed. See response to Question 6, above.
 9. In view of the fact that Attorney General's Opinion No. 94-198
indicates that, under the Arkansas Freedom of Information Act, social security numbers of public employees which are listed in personnel records are confidential, does the Board of the Arkansas Teacher Retirement System have the authority to mandate that an individual must also record his or her social security number "on a form provided by the Executive Director" when requesting to be placed on the Board's agenda?
Please note that I have enclosed a copy of Attorney General Opinion96-307, which addresses the Board's authority to require the disclosure of social security numbers in this regard. Although it is my understanding that the Board no longer intends to require the social security numbers, Opinion 96-307 addresses the matter in view of the federal requirements. As noted therein, I believe compliance with the federal Privacy Act (5 U.S.C. § 552a note) is advisable. That act defines the circumstances in which state and local government may require individuals to disclose their social security numbers.
 10. Does the Board of the Arkansas Teacher Retirement System have the authority to mandate that "only one (1) item" to be placed on the Board's agenda "may be submitted on each form"?
It is my opinion that the answer to this question is "yes." See responses to Questions 6 and 8.
 11. Since no reference is made in the NEW policy to special meetings of the Board of the Arkansas Teacher Retirement System, does the Board have the authority to apply the NEW policy to such meetings?
The policy does not, on its face, purport to apply to special, as distinguished from "regularly scheduled" meetings. Presumably, however, the Board could choose to follow a similar policy in the case of special meetings, given the fact that there apparently is no guaranty of the right to public participation in the first instance.
 12. Does the Board of the Arkansas Teacher Retirement System have the authority to enforce that portion of the NEW policy as noted above in the third paragraph?
I assume that this refers to the policy you have quoted in the introductory portion of the opinion request. I believe the answer to this question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As noted in Opinion 95-227, however, it has been suggested that it takes three members to make a meeting under the FOIA. Op. Att'y Gen.95-227 at 2, quoting Watkins, FOIA: Time for a Change, 44 Ark. L. Rev. 535, 610. Some uncertainty thus remains in this regard, perhaps suggesting the need for legislative clarification.
[2] It should be noted that the Board's authority to meet in closed session is found in A.C.A. § 25-17-208, which authorizes honorary boards and commissions (defined as those whose members receive no compensation other than per diem or reimbursement of expenses) to meet in closed session to discuss the "employment, discharge, or investigation of an individual." A.C.A. §§ 25-19-208(a)(2) and (b)(1) and (2) (Repl. 1992).